# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| CALVIN L. BRADFORD, | |
| Petitioner, | No. C15-3115-LRR |
| vs. | |
| JIM MCKINNEY, | ORDER |
| Respondent. | |

This matter is before the court on the petitioner's application for a writ of habeas corpus (docket no. 1). The petitioner filed such application on May 15, 2015. The petitioner paid the required filing fee. *See* 28 U.S.C. § 1914.

The petitioner previously sought relief under 28 U.S.C. § 2254. *See Bradford v. Burt*, Case # 6:07-cv-02007-LRR (N.D. Iowa 2010). In *Bradford v. Burt*, Case # 6:07-cv-02007-LRR (N.D. Iowa 2010), the court addressed the petitioner's claims on the merits and ultimately denied his application for a writ of habeas corpus. Once again, the petitioner is attempting to challenge the same conviction and sentence. He, however, is unable to do so before getting permission to file a second or successive application for a

writ of habeas corpus. *See* 28 U.S.C. § 2244(b)(3)(A).[1] Accordingly, the petitioner's application for a writ of habeas corpus shall be dismissed.[2]

**IT IS THEREFORE ORDERED**:

The petitioner's application for a writ of habeas corpus is dismissed.

**DATED** this 18th day of August, 2015.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] 28 U.S.C. § 2244(b)(3)(A) provides:
> Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

[2] The petitioner references *Bradford v. State*, PCCV318079 (Webster Cnty. Dist. Ct. 2015), which may be may be accessed at the following address: http://www.iowacourts.gov/Online_Court_Services/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records). But, it is clear from such record that the Iowa District Court for Webster County dismissed the petitioner's application for post-conviction relief on July 20, 2015 and, to date, the petitioner has not sought appellate relief. Consequently, it is clear that the petitioner has not complied with 28 U.S.C. § 2254(b)(1)(A), which requires the exhaustion of remedies that are available in the courts of Iowa.